Gaston, Judge.
 

 — We regret that this case has not been argued on the part of the plaintiff, as possibly that argument might have enabled us to see it in other lights than those cast upon it by our unaided reflections. It seems to us, that the instructions given to the jury were erroneous. (His Honor here stated briefly the facts of the case as above, and proceeded: — )
 

 We can discover in the case no evidence of any express contract between the plaintiff and the defendant, and so we think the jury should have been instructed. There is indeed evidence of an implied contract. As the plaintiff executed the forthcoming bond as surety for the defendant, the law implies that the defendant engaged to indemnify the plaintiff against the responsibility thereby incurred. But it implies no further promise. According to our law (act of 1807,
 
 Rev. ch.
 
 75],) the sole object of the forthcoming bond is the indemnity of the officer, who after delivery of the property remains liable to the plaintiff in execution, in all respects as though he had retained it in his hands. By the bond no obligation is imposed to pay off the execution. If, indeed, the defendant in the execution, or any other person should pay it off, the bond is necessarily extinguished, because it is given for “ the forthcoming of the property to answer the said execution or process.” When another than the defendant ih the execution satisfies it, the money is paid to the use of such defendant, and not to that of the obligors. But even as against
 
 him
 
 an action cannot be maintained unless it appear that the payment was at his request, express or implied.
 

 Had the bond in this case become absolute there would
 
 *440
 
 then have been room for the question on which the Judge charged the jury, whether the plaintiff could rightfully satisfy the damages thereby incurred before the amount had been ascertained by a judicial decision. It is not necessary for us to pass upon it, though we presume the general rule to be, as the Judge understood it, that when the engagement of the surety has become absolute by the default of his principal, he may pay without awaiting a suit, and what is thus paid, if it exceed not his legal liabi-he regarded as expended for the use, and at the instance and request of his principal. But here the plain- ^ advanced what the defendant had not engaged to pay. Whether the defendant intended to contest the liability of the slave to the execution, or contemplated that the judgment debtor, or some one on his behalf would satisfy the judgment, or whatever might be his purpose for preferring g¡ve a forthcoming bond, he chose to incur the liability attached to that bond; and the plaintiff, at his instance and request, also incurred the same liability. The plaintiff has sustained no loss and paid no money because of that liability. We feel ourselves bound, then, to say, that the money expended under the circumstances of this case, was not money expended for the use, nor at the request of the defendant. The judgment is reversed with costs, and an
 
 alias venire
 
 must be awarded.
 

 Per Curiam. Judgment reversed.